IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

SECURITIES AND EXCHANGE          )
COMMISSION,                      )
                                 )     Civil No. 2:11-cv-01165-BSJ
          Plaintiff,             )
                                 )
vs.                              )     **MEMORANDUM OPINION & ORDER**
                                 )     **RE: MOTION TO INTERVENE BY**
MANAGEMENT SOLUTIONS, INC., a    )     **MOVANTS BLACK CLIFFS**
Texas Corporation; WENDELL A.    )     **INVESTMENTS, JILL R. NIELSON,**
JACOBSON; and ALLEN R.           )     **AND MATTHEW A. NIELSON**
JACOBSON,                        )
                                 )    ┌─────────────────────────────────┐
          Defendants.            )    │            **FILED**             │
                                 )    │  CLERK, U.S. DISTRICT COURT      │
                                 )    │   March 5, 2013 (12:15pm)        │
                                 )    │      DISTRICT OF UTAH            │
                                 )    └─────────────────────────────────┘

* * * * * * * * *

        This matter comes before the Court on a Motion to Intervene by Movants Matthew A.

Nielson, Jill R. Nielson, and Black Cliffs Investments (hereinafter "Black Cliffs"). Supporting

and opposing memoranda were filed, and a hearing on the motion occurred on January 25, 2013,

with the following appearances: J. Andrew Sjoblom appeared on behalf of the Receiver; and

Matthew C. Barneck appeared on behalf of Black Cliffs. This Court now grants permissive

intervention and has chosen to elaborate on the reasons below.

**PROCEDURAL HISTORY AND CURRENT MOTION**

        On December 15, 2011, this Court appointed the Receiver in the present case and granted

him the power, among other things, to "bring such legal actions based on law or equity in any

state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his

duties as Receiver," and to "pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates."[1] On December 14, 2012, the Receiver filed a complaint against Black Cliffs, seeking the return of approximately $ 4.8 million dollars as proceeds of a fraudulent transfer from the Management Solutions, Inc. ("MSI") estate.[2] The Receiver's fraudulent transfer claim is based on the theory that the $ 4.8 million dollar transfer occurred during the conduct of MSI's alleged ponzi scheme, and that the existence of the ponzi scheme creates a presumption of fraud in the transfer.[3] Before the Receiver filed suit against Black Cliffs, the Receiver filed a petition in this case to establish the existence and start date of the MSI Ponzi Scheme, as well as to authorize the pooling of receivership assets.[4] A pretrial to determine the existence of the alleged MSI Ponzi Scheme is scheduled to take place in approximately three weeks.

Meanwhile, Black Cliffs filed the present motion to intervene on January 17, 2013,[5] asserting that the Receiver intends to use any findings made determining the existence of the alleged MSI Ponzi Scheme to create a presumption of fraud in the fraudulent transfer case

---

[1] (Order Appointing Receiver, Freezing Assets and Other Relief, filed December 15, 2011 (CM/ECF No. 4 at 5).)

[2] (Complaint against All Defendants, filed December 14, 2012 (CM/ECF No. 2 in *Beckstead v. Nielson*, 2:12-cv-01172-BSJ (D. Utah)).)

[3] (*See id.*)

[4] (Motion for Findings Regarding the Existence and Start Date of a Ponzi Sheme and for Approval to Pool Claims and Assets filed by Receiver John A. Beckstead, filed November 13, 2012 (CM/ECF No. 685).)

[5] (Motion to Intervene by Matthew A. Nielson, Jill R. Nielson, and Black Cliffs Investments, LLC and Memorandum in Support, filed January 17, 2013 (CM/ECF No. 860).)

against Black Cliffs.[6] Therefore, Movants argue they may intervene as a matter of right because their interest—the $ 4.8 million at stake in the ancillary case—will be impaired or impeded by the findings on the existence of a ponzi scheme. As such, Movants want the opportunity to contest the findings on the existence of the alleged MSI Ponzi Scheme. In the alternative, they argue they should be permitted to intervene because of the common question of the existence of the alleged MSI Ponzi Scheme.[7]

The Receiver does not oppose the timeliness nor the lack of adequate representation in the motion to intervene.[8] Rather, the Receiver argues that Black Cliffs have no interest that will be impaired or impeded by the present case.[9] The findings regarding the existence of the alleged MSI Ponzi Scheme, he argues, would only bind Movants if they were added as a party in this case. If they are not added, they would not have the opportunity to challenge or defend the issue. Thus, issue preclusion would not apply, and the Receiver would have to retry the issue of the existence of the alleged MSI Ponzi Scheme in the ancillary case. Moreover, allowing Black Cliffs to intervene would open flood gates, and all parties in the ancillary cases would try to intervene.[10]

---

[6] *See id.* at 5.

[7] *See id.* at 6-7.

[8] (Memorandum in Opposition re 860 Motion to Intervene and Memorandum in Support filed by Receiver John A. Beckstead, filed February 4, 2013 (CM/ECF No. 898).)

[9] *See id*. at 3.

[10] *See id.* at 2.

## DISCUSSION: MOVANTS MAY INTERVENE PERMISSIVELY

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).  When considering permissive intervention, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

There are three steps in determining whether a movant should be allowed to intervene under Fed. R. Civ. P. 24(b). A threshold matter is determining whether the application was timely. "[B]ecause Fed. R. Civ. P. 24 'is silent as to what constitutes a timely application for intervention, the question must be answered in each case by the exercise of the sound discretion of the trial court.'" *Bell v. Countrywide Bank, N.A.*, 2012 U.S. Dist. LEXIS 103728 at *13 (quoting *Lumbermens Mut. Cas. Co. v. Rhodes,* 403 F.2d 2, 5 (10th Cir. 1968)). Factors used in considering the timeliness of the motion include "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.'" *Id.* (quoting *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984))). The next step is determining whether a movant's claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P.  24(b). "Permissive intervention is a matter entrusted to the discretion of the district court," and this inquiry is reviewed for abuse of discretion. *Statewide Masonry v. Anderson*, 2013 U.S. App. LEXIS 3853 (10th Cir.), (citing *City of Stilwell v. Ozarks Rural Elec. Coop. Corp*., 79 F.3d 1038, 1043 (10th Cir. 1996)). Lastly, in exercising its discretion, a court must also consider the

possibility of undue delay or prejudice in "the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see Gerstle v. Continental Airlines, Inc.*, 466 F.2d 1374, 1377-78 (10th Cir. 1972) (denial of permissive intervention upheld because intervention "on the eve of trial" would cause undue delay.).

Timeliness is not disputed here, and this Court agrees that the motion was timely. The complaint against the Movants was filed a month before this motion, and this motion was filed two months after the Receiver's motion.[11] There is nothing to suggest that a one-to-two month delay renders the intervention untimely.

There are common questions of law and fact shared between this main case and the ancillary case between the Receiver and the Movants. In the ancillary case, the Receiver claims there were fraudulent transfers between MSI-related entities and the Movants because the transfers occurred within a ponzi scheme.[12] This case, and the receivership estate, came into being as a result of the SEC's allegation that there was a MSI Ponzi Scheme.[13] The core issue underlying both cases is whether there was a ponzi scheme. Both cases revolve around the same factual and legal question. As such, the requirements of Rule 24(b)(2) are met.

---

[11] (Motion to Intervene by Matthew A. Nielson, Jill R. Nielson, and Black Cliffs Investments, LLC and Memorandum in Support, filed January 17, 2013, at 4 (CM/ECF No. 860).)

[12] (Complaint against All Defendants, filed December 14, 2012 (CM/ECF No. 2 in *Beckstead v. Nielson*, 2:12-cv-01172-BSJ (D. Utah)).)

[13] (*See* Complaint against Allen R. Jacobson, Wendell A. Jacobson, Management Solutions, filed by Securities and Exchange Commission, filed on December 15, 2011 (CM/ECF No. 1).)

Lastly, the intervention will not cause undue delay or prejudice. Although a pretrial conference is scheduled to occur approximately three weeks from now, a trial date has not been set. Further, multiple parties, including the Receiver, have made requests for more time.[14] There is also nothing to suggest any prejudice to any party if Movants were added. As such, there is no undue delay or prejudice in allowing Movants to intervene permissively.

The Receiver contends that intervention should be denied because findings on the existence of the alleged MSI Ponzi Scheme will not be binding on Movants unless they are allowed to join this case. This Court finds this suggestion unwise. In *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979), a stockholder brought a class action suit against Parklane Hosiery Co. ("Parklane") after the federal district court found a proxy statement was materially false in an action between the SEC and Parklane. In the case between the stockholder and Parklane, the stockholder moved for summary judgment, claiming Parklane was collaterally estopped from relitigating the issue of the material falsity of the statement after it had lost on the issue against the SEC. *Id.* The Supreme Court held that the allowance of offensive collateral estoppel was within the discretion of the district court. However, the Court found offensive collateral estoppel was appropriate in that case because Parklane "received a 'full and fair' opportunity to litigate their claims in the SEC action," so "the contemporary law of collateral estoppel leads inescapably to the conclusion that the petitioners are collaterally estopped from relitigating the question of whether the proxy statement was materially false and misleading." *Id.* at 332-33. In

---

[14] (*See e.g.* Motion for Extension of Time Reply to Receiver's Motion for Findings Re: Existence and Start Date of a Ponzi Scheme and for Approval to Pool Claims and Assets and Memorandum in Support filed by Defendant Wendell A. Jacobson, filed December 14, 2012 (CM/ECF No. 779).)

other words, if a party has the opportunity to litigate a claim, collateral estoppel may apply.

Considering the importance of the question of the existence of the alleged MSI Ponzi Scheme, the timeliness of the intervention and the lack of undue delay or prejudice, the inefficiency of relitigating the issue of the existence of the alleged MSI Ponzi Scheme multiple times, the possible preclusive effect of the findings on that issue, and the movant's opportunity and desire to participate in the proceedings, this Court grants permissive intervention. Because this Court grants permissive intervention, this Court need not consider whether Movant's may intervene as a matter of right. *See United States v. Lauer,* 242 F.R.D. 184 (D. Conn. 2007)*.*

### MOVANT'S INTERVENTION IS LIMITED TO PARTICIPATION IN THE RECEIVER'S MOTION FOR FINDINGS RE: EXISTENCE AND START DATE OF A PONZI SCHEME AND FOR APPROVAL OF POOLED CLAIMS AND ASSETS

In exercising its discretion to permit intervention, this Court may limit the scope of a movant's intervention. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987) (Brennan, J., concurring). In Justice Brennan's concurring opinion, he notes that a court may place limitations on a party's intervention, regardless of whether that intervention is by right or by permission. *Id*. at 383. However, a court has more power to limit the scope of an intervention when the intervention is by permission than when it is by right because an intervener by right has "an unconditional right to intervene . . . or an interest at stake which the other parties will not fully protect," while a permissive intervener has neither. Limitations on an intervener's scope may be placed by a court in its discretion to avoid undue delay and prejudice to the parties.

*See id.*[15]

In Movant's proposed complaint in intervention, the Movants seek declaratory judgment finding that there was no ponzi scheme, and no payments were made by MSI-related entities to the Movants as part of a ponzi scheme.[16] They also seek declaratory judgment finding that the pooling of claims and assets is improper.[17] In essence, Movants want this Court to deny the Receiver's motion regarding the existence of the Ponzi Scheme. Because this is their purpose for intervening, their intervention will be limited to participation in the Receiver's motion for Findings Re: Existence and Start Date of a Ponzi Scheme and for Approval of Pooled Claims and Assets.

## CONCLUSION

For the reasons explained above,

---

[15] *See also Wildearth Guardians, Defenders of Wildlife v. Salazar*, 272 F.R.D. 4 (D.D.C. 2010) The district court explained:

> [o]nce a district court concludes that a party has a right to intervene, the inquiry is not necessarily at an end. Even where intervention is a matter of right, district courts may impose appropriate conditions or restrictions upon the intervener's participation in the action. . . . The district court's discretion to impose reasonable restrictions on participation is consonant with its inherent power to manage the litigation before it, as well as a necessary instrument in accommodating the two conflicting goals of intervention: i.e., 'to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending.'

*Id.* (citing *Beauregard, Inc. v. Sword Servs. LLC*, 107 F.3d 351, 353 (5th Cir. 1997) (quoting *Smuck v. Hobson*, 408 F.2d 175, 179, 132 U.S. App. D.C. 372 (D.C. Cir. 1969)).

[16] (Motion to Intervene by Matthew A. Nielson, Jill R. Nielson, and Black Cliffs Investments, LLC and Memorandum in Support, filed January 17, 2013, at 5 (CM/ECF No. 860-2).)

[17] *Id.*

**IT IS ORDERED** that the Motion to Intervene by Movants Matthew A. Nielson, Jill R. Nielson, and Black Cliffs Investments (Docket No. 860) is GRANTED pursuant to Fed. R. Civ. P. 24(b), and intervention is limited to participation in proceedings on the Motion for Findings Regarding the Existence and Start Date of a Ponzi Sheme and for Approval to Pool Claims and Assets filed by Receiver John A. Beckstead (Docket No. 685).

DATED this 5th day of March, 2013.

BY THE COURT:

BRUCE S. JENKINS
United States Senior District Judge