MATTHEW C. BARNECK [5249]
CHAD E. FUNK [13217]
RICHARDS BRANDT MILLER NELSON
  *Attorneys for Intervenors Black Cliffs Investments, LLC, MJ5 Investments, LLC,*
  *Matthew A. Nielson, and Jill R. Nielson*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: matthew-barneck@rbmn.com
       chad-funk@rbmn.com
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MANAGEMENT SOLUTIONS, INC., a Texas Corporation; WENDELL A. JACOBSON; and ALLEN R. JACOBSON,<br><br>Defendants. | **SECOND AMENDED COMPLAINT IN INTERVENTION**<br><br><br>Case No:  2:11-cv-01165<br>Judge Bruce S. Jenkins |

Through their undersigned counsel of record, and pursuant to a Memorandum Opinion and Order filed March 5, 2013 (Doc. 973), an Order Granting Supplemental Motion to Intervene entered December 10, 2013 (Doc. 1477), and a Second Supplemental Order Permitting Intervention entered March 28, 2014 (Doc. 1764), Intervenors Black Cliffs Investments, LLC, MJ5 Investments, LLC, Matthew A. Nielson, and Jill R. Nielson file this Second Amended Complaint in Intervention and allege as follows:

**PARTIES, JURISDICTION, VENUE**

1. Black Cliffs Investments, LLC ("**Black Cliffs**") is a Utah limited liability company with its principal place of business in Ephraim, Sanpete County, State of Utah.

2. MJ5 Investments, LLC ("**MJ5**") is a Utah limited liability company with its principal place of business in Ephraim, Sanpete County, State of Utah.

3. Matthew A. Nielson and Jill R. Nielson (the "**Nielsons**") are individuals residing in Ephraim, Sanpete County, State of Utah.

4. Plaintiff Securities and Exchange Commission (the "**SEC**") is an agency of the United States government.

5. The Receiver John A. Beckstead was appointed pursuant to an Order of the United States District Court for the District of Utah, the Honorable Bruce S. Jenkins, entered December 15, 2011.

6. Defendants Wendell Jacobson and Allen Jacobson (the "**Jacobsons**") are individual residents of Sanpete County, State of Utah.

7. Defendant Management Solutions, Inc. ("**MSI**"), upon information and belief, is a Texas corporation with its principal place of business in the State of Utah.

8. The Court has declared its jurisdiction over this matter in the Order Appointing Receiver, Freezing Assets and Other Relief entered December 15, 2011.  (Doc. 4)

9. Venue is also proper in this Court as stated in that Order.  (Doc. 4)

**STATEMENT OF FACTS**

10. The SEC began this action by filing a Complaint on December 15, 2011. (Doc. 1)

11. On the same day, the Court's Order (Doc. 4) froze all assets held in the name of the Jacobsons, MSI, and numerous related entities.

12. Matthew A. Nielson and Black Cliffs had certain business dealings with the Jacobsons and/or MSI over a period of several years, but not as the Receiver alleges.

13. Rather, the work of Mr. Nielson and Black Cliffs involved identifying various apartment properties for possible purchase, conferring with the Jacobsons and/or MSI, acquiring the entities which owned certain apartment properties, and transferring the purchase agreement to the Jacobsons, MSI, and/or another entity formed for that purpose.

14. Jill R. Nielson had no such dealings with the Jacobsons, MSI, or related entities.

    A.    **Providence Village**.

15. Black Cliffs purchased an interest in a property is known as Providence Village located in San Antonio, Texas.

16. Black Cliffs bought a 49.5% interest in Janison Investments, LLC ("**Janison**") which in turn acquired a 99% interest in SA Townhomes, Ltd. ("**SA Townhomes**") in 2006.

17. SA Townhomes owns Providence Village. It was formed in 2003 by Phillip Allen and Keith Holst, who have no other connection to this Receivership proceeding.

    B.    **Buffalo Run**.

18. In 2006, MJ5 acquired a fee interest by 1031 exchange in a multi-family property known as the Buffalo Run apartments in Oelwein, Iowa ("**Buffalo Run**").

19. MJ5 is a limited liability company owned by Matthew A. Nielson and Jill R. Nielson.

20. MJ5 owns or at relevant times owned an undivided 33.82% tenant-in-common interest in Buffalo Run, pursuant to a Purchase and Sale Agreement and also a Special Warranty Deed, each dated March 21, 2006.

21. The other tenant-in-common was Council Properties, LLC ("**Council Properties**"), a Receivership entity. A Tenancy-in-Common Agreement was entered between MJ5 and Council Properties on March 21, 2006.

### C. No Other "Investments" or Dealings.

22. Black Cliffs, MJ5, and the Nielsons have no other "investments" with MSI, the Jacobsons, or related entities, in entities or properties that are part of this Receivership Estate.

23. Black Cliffs, MJ5, and the Nielson were not paid commissions for bringing in new investors, did not participate as straw buyers for MSI-related entities, did not receive payments as returns on investments, and did not receive "net profits" from the Jacobsons, MSI, or related entities.

### D. The Ponzi and Pooling Motion.

24. The Receiver's Motion for Findings Regarding the Existence and Start Date of a Ponzi scheme and for Approval to Pool Claims and Assets and supporting Memorandum were filed with the Court on November 13, 2012. (Docs. 685 and 686)

25. The Intervenors filed a Motion to Intervene on January 17, 2013. (Doc. 860) The Court granted the Motion to Intervene by a Memorandum Opinion & Order issued March 5, 2013. (Doc. 973)

26. By that Opinion the Court granted Black Cliffs and the Nielsons the right to participate in and oppose "the Receiver's Motion for Findings Re: Existence and Start Date of a Ponzi scheme and for Approval to Pool Claims and Assets." (Doc. 973 at 8.)

27. Black Cliffs and the Nielsons then filed a Complaint in Intervention on March 14, 2013. (Doc. 993) By the Complaint, the Intervenors explicitly sought declaratory judgment in their favor and against the Receiver on the issues raised in both parts of the Ponzi and Pooling Motion.

28. The Court entered a Joint Pre-Hearing Order Regarding Receiver's Motion for Findings Regarding the Existence and Start Date of a Ponzi Scheme on May 24, 2013, in which the Court ordered "that the issues of the existence and start date of the Ponzi scheme will be bifurcated from and determined separately from the issue of the pooling of claims and assets." (Doc. 1103 at 3.)

29. On December 10, 2013, the Court entered an Order Granting Supplemental Motion to Intervene allowing MJ5 Investments, LLC to intervene to the same scope and extent as the other Intervenors, and expanding the scope of intervention for all of the Intervenors (Doc. 1477).

30. On March 28, 2014, the Court entered a Second Supplemental Order Permitting Intervention allowing each of these Intervenors "to take all such actions as may be reasonably necessary or important to protect the interests they claim in the properties made part of this Receivership Estate known as the Providence Estates Townhomes in San Antonio, Texas ("**Providence Village**") and [Buffalo Run] …." (Doc. 1764)

31. In June 2014, the Receiver withdrew the remainder of his Ponzi and Pooling Motion.

## FIRST CAUSE OF ACTION

### (Declaratory Relief)

32. The Intervenors incorporate by reference the allegations in paragraphs 1 through 31 above.

33. This action represents an actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. § 2201, *et. seq.*

34. The Court has the power to issue declaratory judgments determining the rights, status, and other legal relations of the parties before it in any proceeding where a judgment or decree will terminate the controversy or remove an uncertainty.

35. Black Cliffs, MJ5, and the Nielsons did not make investments in enterprises formed or operated by the Jacobsons and/or MSI in the manner alleged by the SEC and/or the Receiver.

36. Black Cliffs purchased an interest in Janison Investments, LLC which in turn bought an interest in SA Townhomes, Ltd., which owns the Providence Village property in San Antonio, Texas.

37. MJ5 bought a fee interest in the Buffalo Run property in Oelwein, Iowa through a 1031 exchange.

38. Black Cliffs and MJ5 each paid reasonably equivalent value for these interests and did so in good faith.

39. Moreover, Black Cliffs, MJ5, and the Nielsons did not receive excess payments or "net profits" from the Jacobsons, MSI, or related entities that were paid as part of a Ponzi scheme.

40. Rather, Black Cliffs and/or Matthew A. Nielson had business dealings with the Jacobsons and/or MSI which involved identifying apartment properties for possible purchase, conferring with the Jacobsons and/or MSI, acquiring the entities which owned certain apartment properties, and transferring the Purchase Agreement to the Jacobsons, MSI, and/or another entity formed for that purpose.

41. The services provided by Black Cliffs and/or Mr. Nielson were reasonably equivalent in value to the amount of payments received, and they received such payments in good faith.

42. Jill R. Nielson had no such dealings with the Jacobsons, MSI, or related entities.

43. Other than those related to its ownership in Buffalo Run, MJ5 had no dealings with MSI or related entities.

44. In an ancillary action styled as *Gil A. Miller, Receiver v. Matthew A. Nielson, et al.*, Case No. 2:12-cv-01172, the Receiver previously alleged against the Nielsons and Black Cliffs that the Jacobsons, MSI, and/or related entities operated as a Ponzi scheme, and that the Nielsons and Black Cliffs received excess payments that were paid as part of a Ponzi scheme.

45. Based upon the Stipulation of the parties, an Order was entered on October 27, 2014 dismissing the ancillary action in its entirety and with prejudice.

46. The Intervenors seek a declaratory judgment of this Court finding that the Jacobsons, MSI, and/or related entities did not operate as a Ponzi scheme during the relevant time period, and that neither Black Cliffs nor the Nielsons received payments from the Jacobsons, MSI, and/or related entities that were paid as part of a Ponzi scheme.

47. They also seek declaratory judgment that the interests purchased by Black Cliffs and MJ5 as described above were acquired for reasonably equivalent value and in good faith.

48. They also seek declaratory judgment finding that such pooling is improper with respect to them, among other reasons, because (a) they are not similarly situated with other persons whom the Receiver classifies as "investors," with respect to their relationship to and their transactions with the Jacobsons, MSI, and/or related entities, and (b) they did not invest funds which were commingled with the funds of other investors.

WHEREFORE, the Intervenors pray for judgment in their favor and against the Receiver as set forth in the Prayer for Relief below.

## SECOND CAUSE OF ACTION
**(Accounting)**

49. The Intervenors incorporate by reference the allegations in paragraphs 1 through 48 above.

**A.** **Providence Village**.

50. Since the formation of Janison, Black Cliffs has owned a 49.5% membership interest in Janison.

51. Janison owns a 99% interest in SA Townhomes as a limited partner. MSI owns a 1% interest in SA Townhomes as a general partner.

52. Accordingly, Janison is and has been entitled to a 99% share of the profits of SA Townhomes from July 1, 2006 through the present, in accordance with the terms of the SA Townhomes Limited Partnership Agreement and applicable law.

53. Janison is and has been entitled to a 49.5% share of the profits of Janison from July 1, 2006 through the present, pursuant to the terms of the Janison Regulations and applicable law.

54. SA Townshomes has not distributed to Janison its share of the operating profits during the relevant time periods, nor has it given an accounting to Janison of profits earned and/or amounts due and owing to Janison.

55. Likewise, Janison has not distributed to Black Cliffs its share of the operating profits during the relevant time periods, nor has it given an accounting to Black Cliffs of profits earned or amounts due and owing to Black Cliffs.

56. The Receiver stands in the shoes of both SA Townhomes and Janison pursuant to the Order of Appointment referenced above.

57. Accordingly, Black Cliffs is entitled to complete accounting from SA Townhomes and also from Janison as described above. The accounting should include all information necessary to determine the profits earned by SA Townhomes and by Janison from the time period of July 1, 2006 through the present, such that Black Cliffs may reasonably and fairly determine the share of profits to which it is entitled during the entire time period.

58. Based upon the accounting to be provided, Black Cliffs prays for judgment in its favor and against the Receiver, standing in the shoes of SA Townhomes and Janison, for the share of profits to which Black Cliffs is entitled from the operations of SA Townhomes and Janison during the relevant time periods and pursuant to governing agreements and governing law.

### B. Buffalo Run.

59. As of March 21, 2006, MJ5 acquired a 33.82% tenant-in-common interest in Buffalo Run.

60. In connection with that interest, MJ5 entered a Tenancy-in-Common Agreement with Council Properties, which was the only other owner of Buffalo Run.

61. Pursuant to the Tenancy-in-Common Agreement, MJ5 was entitled to receive at least annually 33.82% of the net profits from the operations of Buffalo Run.

62. As the designated manager of Buffalo Run, Council Properties had a duty to pay MJ5 its share of the net profits pursuant to the Tenancy-in-Common Agreement.

63. Council Properties did not distribute to MJ5 its share of the profits during any relevant time period, nor has it given an accounting to MJ5 of profits earned and/or amounts due and owing to MJ5.

64. The Receiver stands in the shoes of Council Properties pursuant to the Order of Appointment referenced above.

65. Accordingly, MJ5 is entitled to a complete accounting from Council Properties as described above. The accounting should include all information necessary to determine the profits earned by Buffalo Run from the time period of March 21, 2006 through the present, such that MJ5 may reasonable and fairly determine the share of profits to which it is entitled during the entire time period.

66. Based on the accounting to be provided, MJ5 prays for judgment in its favor and against the Receiver, standing in the shoes of Council Properties, for the share of profits to which MJ5 is entitled from the operations of Buffalo Run during the relevant time periods and pursuant to the governing agreement and governing law.

WHEREFORE, the Intervenors pray for judgment in their favor and against the Receiver as set forth in the Prayer for Relief below.

### PRAYER FOR RELIEF

WHEREFORE, Black Cliffs, MJ5, and the Nielsons pray for judgment in their favor and against the Receiver, Gil A. Miller, as follows:

1. For a judgment declaring Black Cliffs' ownership interest in Janison, and derivatively in SA Townhomes, determining the fair market value of its interest, and determining that there is no basis for prorating or otherwise devaluing Black Cliffs' interest.

2. For a complete accounting of SA Townhomes, Janison, and the Buffalo Run apartments during the time periods alleged, and for judgment against the Receiver for Black Cliffs' and MJ5's share of profits during that time period.

3. For an award of attorney fees and costs, and for such other relief as the Court deems just and proper under the circumstances.

DATED this 4th day of May, 2015.

RICHARDS BRANDT MILLER NELSON


 /s/  Matthew C. Barneck
MATTHEW C. BARNECK
*Attorneys for Intervenors Black Cliffs Investments, LLC, MJ5 Investments, LLC, Matthew A. Nielson, and Jill R. Nielson*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY on May 4, 2015, I filed the foregoing SECOND AMENDED COMPLAINT IN INTERVENTION with the Clerk of Court and served by U.S. Mail, postage prepaid to the following:

| | |
|---|---|
| Daniel J. Wadley, Esq.<br>Amy J. Oliver, Esq.<br>Alison J. Okinaka, Esq.<br>Paul N. Feindt, Esq<br>SECURITIES & EXCHANGE COMMISSION<br>351 South West Temple, Suite 6.100<br>Salt Lake City, UT 84101<br>wadleyd@sec.gov<br>olivera@sec.gov<br>okinakaa@sec.gov<br>feindtp@sec.gov<br> *Attorneys for Plaintiff* | Stephen Quesenberry, Esq.<br>DURHAM, JONES & PINEGAR, P.C.<br>3301 North Thanksgiving Way, Suite 400<br>Lehi, UT 84043<br>squensenberry@djslaw.com<br> *Attorneys for Eric Clark Welling,*<br> *Mary Kathryn Welling, and*<br> *Various Other Intervenors* |
| David K. Broadbent, Esq.<br>Doyle S. Byers, Esq.<br>Cory A. Talbot, Esq.<br>J. Andrew Sjoblom, Esq.<br>Nathan Archibald, Esq.<br>HOLLAND & HART<br>222 South Main Street, Suite 2200<br>Salt Lake City, UT 84101<br>dbroadbent@hollandhart.com<br>dsbyers@hollandhart.com<br>catalbot@hollandhart.com<br>jasjoblom@hollandhart.com<br>narchibald@hollandhart.com | All other persons or entities entitled to receive notice through PACER, pursuant to Fed. R. Civ. P. 5(b)(3) and D.U.Civ.R. 79-1. |

And

    I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was mailed, first class, postage prepaid, on this 4th day of May, 2015, to the following:

        Greg B. Bailey
        P.O. Box 298
        Fountain Green, UT 84632
         *Pro Se*

        /s/ Matthew C. Barneck

G:\EDSI\DOCS\19356\0001\12B3448.DOC