FILED
United States Court of Appeals
Tenth Circuit

April 28, 2017

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

GIL A. MILLER,

    Consolidated Plaintiff - Appellee,

and

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MANAGEMENT SOLUTIONS, INC., a Texas corporation; WENDELL A. JACOBSON; ALLEN R. JACOBSON,

    Defendants.

------------------------------

BLACK CLIFFS INVESTMENTS,

    Intervenor - Appellant.

No. 17-4035
(D.C. No. 2:11-CV-01165-BSJ)
(D. Utah)

_____

**ORDER**
_____

Before **BRISCOE**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

    Intervenor Black Cliffs Investments, LLC ("Black Cliffs") appeals several interlocutory district court orders addressing its claim in the underlying receivership proceeding. This court entered an order to show cause as to why the appeal should not be

dismissed for lack of appellate jurisdiction. Black Cliffs filed a memorandum brief in response, arguing that this court has jurisdiction to consider its appeal now. At our direction, the receiver-appellee also responded to the court's jurisdictional challenge. After carefully considering the parties' submissions, the district court record and the applicable law, we dismiss this appeal for lack of appellate jurisdiction.

This court generally has jurisdiction to review only final decisions. 28 U.S.C. § 1291. A final decision is one that fully terminates all matters as to all parties and causes of action and leaves nothing for the district court to do but execute the judgment. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996); *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1541 (10th Cir. 1996). An intervenor in a receivership case also must wait until the entire case has been decided and may appeal at the conclusion of the case in the same manner as any other aggrieved party. *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 375-76 (1987). Even if decisions are made along the way that could negatively affect the intervenor, the intervenor's rights are not "irretrievably lost" without an immediate appeal and its interests can be fairly protected by an appeal after final judgment has been entered. *See id.* at 376. The only way for Black Cliffs to appeal now was to obtain certification pursuant to Federal Rule of Civil Procedure 54(b). *United States v. Martin*, 267 F.2d 764, 772 (10th Cir. 1959). Black Cliffs sought such relief, but the district court expressly declined to certify its decisions regarding Black Cliffs' claim as final at this time.

In sum, the interlocutory district court orders being appealed here are not immediately appealable. *F.D.I.C. v. McGlamery*, 74 F.3d 218, 221 (10th Cir. 1996)

(preferring to avoid piecemeal appellate disposition of what is in practical terms a single controversy). We reject Black Cliffs' invitation to place this appeal on hold while the district court decides the remaining issues affecting its claim to the receivership estate. *See Fields v. Oklahoma St. Pen.*, 511 F.3d 1109, 1111 (10th Cir. 2007) (finding that early appeal may ripen after entry of final decision only if "the order leading to the premature notice of appeal has some indicia of finality and is likely to remain unchanged during subsequent court proceedings").

APPEAL DISMISSED.

            Entered for the Court
            ELISABETH A. SHUMAKER, Clerk

            *Lara Smith*

            by: Lara Smith
              Counsel to the Clerk

Case 2:11-cv-01165-BSJ Document 3279 Filed 04/28/17 Page 3 of 3
Appellate Case: 17-4035 Document: 01019801957 Date Filed: 04/28/2017 Page: 3

3